# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS

* * * * * * * * * * * * * * * * * * * *
| | | |
|---|---|---|
| LEANNA BABB, | * | |
| | * | No. 15-195 |
| Petitioner, | * | Special Master Christian J. Moran |
| | * | |
| v. | * | Filed: February 28, 2019 |
| | * | |
| SECRETARY OF HEALTH | * | Attorneys' Fees and Costs |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |

* * * * * * * * * * * * * * * * * * * * *

Ronald C. Homer, Conway, Homer, P.C., Boston, MA, for Petitioner;
Debra A. Filteau Begley, United States Dep't of Justice, Washington, DC, for Respondent.

**UNPUBLISHED DECISION AWARDING
ATTORNEYS' FEES AND COSTS**[1]

On November 29, 2018, petitioner Leanna Babb moved for final attorneys' fees and costs. She is awarded $66,096.22.

---

[1] The undersigned intends to post this Ruling on the United States Court of Federal Claims' website. This means the ruling will be available to anyone with access to the internet. In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access. Because this unpublished ruling contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

\*   \*   \*

On March 2, 2013, petitioner filed for compensation under the Nation Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10 *et seq.,* ultimately alleging that the tetanus-diphtheria and hepatitis A/B vaccines she received on May 28, 2013, significantly aggravated her pre-existing migraine headaches or, in the alternative, caused her idiopathic intracranial hypertension. On October 16, 2015, the Secretary argued that compensation was not appropriate because the record failed to establish a causal link between the vaccination and the injuries alleged. Resp'ts Rep. at 7. Over the next several years, the parties filed reports from their respective expert witnesses. On July 2, 2018, petitioner filed a motion for a decision dismissing the petitioner, indicating that she was unable to secure further evidence to support her claim. Mot. for Decision, filed July 2, 2018. On July 12, 2018, the undersigned issued his decision denying compensation, finding that the evidence submitted failed to demonstrate that petitioner had suffered a "Table Injury" or that the vaccinations "actually caused" or "significantly aggravated" her injuries. 2018 WL 3991226 (Fed. Cl. Spec. Mstr. Jul. 12, 2018).

On November 29, 2018, petitioner filed a motion for final attorneys' fees and costs. ("Fees App").  The motion seeks a total of $73,009.22, comprised of $53,281.10 in attorneys' fees and $19,650.53 in attorneys' costs. Id. at 2.  In compliance with General Order No. 9, petitioner indicates that she has personally incurred costs of $77.59 in pursuit of her claim.  Id.

On February 11, 2019, respondent filed a response to petitioner's motion. Respondent argues that "[n]either the Vaccine Act nor Vaccine Rule 13 contemplates any role for respondent in the resolution of a request by a petitioner for an award of attorneys' fees and costs." Response at 1. Respondent adds, however that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." Id at 2.  Additionally, he recommends "that the special master exercise his discretion" when determining a reasonable award for attorneys' fees and costs.  Id. at 3. Petitioner did not file a reply thereafter.

Although compensation was denied, petitioners who bring their petitions in good faith and who have a reasonable basis for their petitions may be awarded attorneys' fees and costs. 42 U.S.C. § 300aa-15(e)(1). Here, the undersigned finds that Ms. Babb acted in good faith and that the evidence submitted in this case is sufficient to conclude that she had a reasonable basis to bring the petition. Thus, Ms. Babb is eligible for an award of attorneys' fees and costs. The only question at bar is whether the requested amount is reasonable.

In light of the Secretary's lack of objection, the undersigned has reviewed the fee application for its reasonableness. See McIntosh v. Sec'y of Health & Human Servs., 139 Fed. Cl. 238 (2018)

\*     \*     \*

The Vaccine Act permits an award of reasonable attorney's fees and costs. §15(e). The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. This is a two-step process. Avera v. Sec'y of Health & Human Servs. 515 F.3d 1343, 1348 (Fed. Cir. 2008). First, a court determines an "initial estimate … by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" Id. at 1347-48 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)). Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings. Id. at 1348. Here, because the lodestar process yields a reasonable result, no additional adjustments are required. Instead, the analysis focuses on the elements of the lodestar formula, a reasonable hourly rate and a reasonable number of hours.

A.   Reasonable Hourly Rates

Under the Vaccine Act, special masters, in general, should use the forum (District of Columbia) rate in the lodestar calculation. Avera, 515 F.3d at 1349. There is, however, an exception (the so-called Davis County exception) to this general rule when the bulk of the work is done outside the District of Columbia and the attorneys' rates are substantially lower. Id. 1349 (citing Davis Cty. Solid Waste Mgmt. and Energy Recovery Special Serv. Dist. v. U.S. Envtl. Prot. Agency, 169 F.3d 755, 758 (D.C. Cir. 1999)). In this case, all the attorneys' work was done outside of the District of Columbia.

The undersigned has reviewed the requested rates and finds them largely to be reasonable and in conformance with what the Conway Homer firm attorneys and paralegals have previously been awarded for their work in the Vaccine Program. The one exception is that petitioner has requested that attorney Joseph Pepper be compensated for work performed in 2018 at $331.00 per hour. Fees App. at 40. This rate exceeds what the undersigned and other special masters have previously awarded Mr. Pepper for 2018 work. See Harris v. Sec'y of Health & Human Servs., No. 16-528V, 2018 WL 5816741, at \*1 (Fed. Cl. Spec. Mstr. Sept. 24, 2018) (awarding Mr. Pepper $305.00 per hour for work performed in 2018); Caruso v. Sec'y of Health & Human Servs., No. 15-200V, 2018 WL 3989237, at \*3 (Fed. Cl. Spec. Mstr. Jul. 6, 2018).

The undersigned will continue to compensate Mr. Pepper's 2018 work at $305.00 per hour. Because the billing records indicate that Mr. Pepper billed 0.5 hours of work in 2018, this results in a reduction of **$13.00**.

B.     Reasonable Number of Hours

The second factor in the lodestar formula is a reasonable number of hours. Reasonable hours are not excessive, redundant, or otherwise unnecessary. See Saxton v. Sec'y of Health & Human Servs., 3 F.3d 1517, 1521 (Fed. Cir. 1993). The Secretary also did not directly challenge any of the requested hours as unreasonable.

The undersigned finds it reasonable to reduce petitioner's fees award due to time billed for work considered administrative. It is well established that billing for clerical and other secretarial work is not permitted in the Vaccine Program. Rochester v. United States, 18 Cl. Ct. 379, 387 (1989) (denied an award of fees for time billed by a secretary and found that "[these] services … should be considered as normal overhead office costs included within the attorneys' fees rates"). Much of this work was for organizing and preparing medical records for filing (e.g., entries on 4/11/14, 6/3/14, 7/10/14, 11/13/14, 6/1/15, 6/11/15, 6/19/15 among others). Other entries billed for time spent transferring records onto CDs and flash drives for others (entries on 11/10/15, 3/22/16, 3/16/16, 11/11/16, 6/29/18, and 7/2/18). Other examples of administrative work billed occur as a smaller part of an otherwise reasonable set of tasks, such as an entry on October 30, 2014, when one entry combines the compensable task of drafting medical records requests with the administrative task of faxing and mailing said letters. Fees App. at 8. When two or more tasks are combined together, the undersigned cannot easily determine what amount of time was apportioned to each task.

Thus, in an attempt to administer "rough justice" the undersigned shall reduce the amount of attorneys' fees awarded by **$1,500.00**. Accordingly, petitioner is entitled to final attorneys' fees of **$51,768.10**.

C.     Costs Incurred

Like attorneys' fees, a request for reimbursement of costs must be reasonable. Perreira v. Sec'y of Health & Human Servs., 27 Fed. Cl. 29, 34 (Fed. Cl. 1992), aff'd, 33 F.3d 1375 (Fed. Cir. 1994). Petitioners request a total of $19,650.53 in attorney's costs, consisting of acquiring medical records, acquiring medical literature, postage, and the services for three experts. Concerning the non-

expert related costs, the undersigned finds that petitioner has provided adequate documentation for all of these costs and they shall be reimbursed in full.

For the experts, petitioner first requests $1,200.00 for the work of Dr. Egilius Spierings, M.D., Ph.D. Dr. Spierings billed for 3.0 hours of work at a rate of $400.00 per hour for review of medical records and correspondence with petitioner's counsel. Dr. Spierings is presently a clinical professor, physician, and director of the Headache & Face Pain Program, part of the department of Neurology at Tufts Medical Center in Boston, MA. Fees App. at 88. The undersigned was unable to discover any prior instance of Dr. Spierings offering expert services in a Vaccine Program case. Accordingly, based upon his credentials but relative lack of Vaccine Program experience, the undersigned finds that $400.00 per hour is a reasonable rate for Dr. Spierings' work. Additionally, the hours billed are reasonable for review of medical records. This amount shall be fully reimbursed.

For Dr. David Chen, petitioner requests a total of $9,500.00 for his services, comprised of 19.0 hours of work billed at $500.00 per hour. Fees App. at 70. Dr. Chen is board certified in neurology and pain and presently works in the department of neurology at Massachusetts General Hospital and is an instructor at Harvard Medical School. Despite Dr. Chen's credentials, his billed rate of $500.00 requires some adjustment. The Vaccine Program has consistently declined to award more than $500.00 per hour to expert witnesses. See Green v. Sec'y of Health & Human Servs., No. 15-1447V, 2017 WL 6336776, at *4 (Fed. Cl. Spec. Mstr. Nov. 16, 2017); Rosof v. Sec'y of Health & Human Servs., No. 14-766V, 2017 WL 1649802, at *4 (Fed. Cl. Spec. Mstr. Mar. 31, 2017) (noting that "in the Vaccine Program, even the payment of $500.00 per hour is rare."). Indeed, experts in the Vaccine Program who command a rate of $500.00 per hour typically possess both superior credentials and extensive experience within the program.

The undersigned was unable to find any past instances of Dr. Chen performing expert work in the Vaccine Program. Accordingly, the undersigned finds that $400.00 per hour is a more appropriate rate for Dr. Chen's work. Concerning hours billed, the undersigned finds them to be reasonable considering Dr. Chen prepared one initial expert report and two supplemental expert reports. Accordingly, this cost is reduced by **$1,900.00**.

Finally, petitioner requests a total of $7,000.00 for the work of Dan Levy, Ph.D. Dr. Levy performed 14.0 hours of work in preparing two expert reports and billed $500.00 per hour. Fees App. at 65, 71. Although Dr. Levy has a Ph.D. in neuroscience, the undersigned notes that unlike Drs. Spierings and Chen, Dr. Levy

is not a physician with medical training. The undersigned has previously found that a reasonable rate for a non-medically trained immunologist is $250.00 per hour. See Dominguez v. Sec'y of Health & Human Servs., No. 12-378V, 2018 WL 3028975, at *6 (Fed. Cl. Spec. Mstr. May 25, 2018). For the same reasons espoused in Dominguez, the undersigned finds that $250.00 per hour is a reasonable rate for a non-medically trained neurologist such as Dr. Levy. Applying this rate adjustment results in a reduction of **$3,500.00**.

In sum, petitioner is awarded attorneys' costs of **$14,250.53**.

### D. Petitioner's Costs

Pursuant to General Order No. 9, petitioner warrants that she has personally incurred costs of $77.59 in pursuit of this litigation. This amount is for the acquisition of medical records. Fees App. at 82-83. Petitioner has provided adequate documentation of these costs, and they shall be reimbursed in full. Accordingly, petitioner is entitled to **$77.59** in costs.

### E. Conclusion

The Vaccine Act permits an award of reasonable attorney's fees and costs. 42 U.S.C. § 300aa-15(e). Accordingly, I award a total of **$66,018.63** (representing $51,768.10 in attorneys' fees and $14,250.53 in attorneys' costs) as a lump sum in the form of a check jointly payable to petitioner and her counsel, Mr. Ronald Homer, Esq., and a total of **$77.59** for petitioner's costs as a lump sum in the form of a check payable to petitioner.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[2]

**IT IS SO ORDERED**.

s/Christian J. Moran
Christian J. Moran
Special Master

---

[2] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.